UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ASHLEY ANDERSON,
As Next Friend of JAYLEN WYRICK, and
WILLIE WYRICK, JR.

    *Plaintiffs*,

v.

ROBERT S. BIGELOW, JR and
LANDSTAR INWAY, INC,

    *Defendants*.
_____/

MATTHEW G. SWARTZ (P75257)
Nolan & Shafer, PLC
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444
mgswartz@wemakeitright.com
_____/

## PLAINTIFFS' COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, ASHLEY WYRICK as Next Friend of JAYLEN WYRICK, a minor, and WILLIE WYRICK, JR., by and through their attorneys, Nolan & Shafer, PLC, and hereby complain against Defendants, ROBERT S. BIGELOW, JR. ("Defendant-Driver"), and LANDSTAR INWAY, INC. ("Defendant-Owner") by stating as follows:

## GENERAL ALLEGATIONS & JURISDICTIONAL AVERMENTS

1. Plaintiffs are residents of the County of Muskegon, State of Michigan.

2. Defendant-Driver, upon information and belief, is a resident of the County of Bradley, State of Tennessee.

3. Defendant-Owner, upon information and belief, is a Florida Corporation, organized and existing under the laws of the State of Florida, with its principal location being in the County of Jacksonville, State of Florida.

4. The motor vehicle collision giving rise to this complaint occurred within the County of Muskegon, State of Michigan.

5. This court has proper jurisdiction over all of the listed parties, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars and No/100 ($75,000.00), exclusive of costs and interest.

## COUNT I -- MOTOR VEHICLE NEGLIGENCE

6. Plaintiff hereby incorporates, by way of reference, allegations 1 through 5, as if fully set forth herein.

7. On or about February 27, 2021, Plaintiff Willie Wyrick, Jr. was operating his 2008 Nissan Quest, VIN #5N1BV28U86N103400, westbound on Norton Avenue and, in the City of Norton Shores, County of Muskegon, State of Michigan.

8. Plaintiff's minor, Jaylen Wyrick, as a passenger in said vehicle at all times relevant to this matter.

9. On the same date and at the same time, Defendant-Driver was operating a 2019 Peterbuilt Semi Tractor Trailer, VIN #1XPXD49X4KD612759 southbound on

Seaway Drive, in the City of Norton Shores, County of Muskegon, State of Michigan.

10. As Plaintiffs were proceeding through the intersection with a green light at Norton Avenue and Seaway Drive, Defendant-Driver ran a red light on Seaway Drive and violently collided with Plaintiffs' vehicle.

11. Defendant-Driver failed to maintain a proper lookout and failed to stop his vehicle, which caused the instant collision with Plaintiffs' vehicle.

12. At the aforementioned time and place, Defendant-Driver was under a duty to operate his motor vehicle with due care, caution, and circumspection, and to obey the common law, statutes of the State of Michigan, rules set forth by the US Department of Transportation/Federal Motor Carrier Safety Administration, and any applicable local ordinances.

13. Notwithstanding these duties, Defendant-Driver was then and there guilty of certain acts of negligence and carelessness, which include, but are not limited to:

   a. Negligently, carelessly, and/or recklessly failing to operate his motor vehicle at a careful and prudent rate of speed, not greater than nor less than was reasonable and proper having due regard for any and all conditions then and there existing, in violation of common law, the statutes of the State of Michigan, rules set forth by the US Department of Transportation/Federal Motor Carrier Safety Administration and any applicable local ordinances;

   b. Failing to have the brakes, and/or other equipment of said motor vehicle in proper working condition, in violation of the statutes of the State of Michigan, common law, rules set forth by the US Department of Transportation/Federal Motor Carrier Safety Administration, and applicable local ordinances, or, in the alternative, failing to utilize said equipment that the motor vehicle

      was properly equipped with so as to be able to control the movement of said motor vehicle in a safe and prudent fashion;

c. Driving said motor vehicle at a point in time that Defendant-Driver was fatigued, unfamiliar with the area or intersection, lost, confused, and/or otherwise inattentive;

d. Driving said motor vehicle carelessly and recklessly with disregard for the rights and safety of others, more specifically, Plaintiff, and further, driving without due care and caution and circumspection and at a rate of speed and in a manner so as to endanger, or be likely to endanger, persons in violation of the statutes of the State of Michigan, common law, rules set forth by the US Department of Transportation/Federal Motor Carrier Safety Administration, and/or any applicable local ordinances;

e. Failing to maintain his motor vehicle so that the same would be under his control at all times;

f. Driving said motor vehicle at a high rate of speed greater than would permit it to be operated safely given the weather conditions, visibility conditions, road conditions, lighting conditions, traffic conditions, traffic signals, road configuration issues that might affect sight distance, and any and all other conditions then and there existing in violation of the statutes of the State of Michigan, common law, rules set forth by the US Department of Transportation/Federal Motor Carrier Safety Administration and/or any applicable local ordinances.

g. Failing to abide by signage, road markings and traffic control devices;

h. Failing to yield the right-of-way to any and all vehicles traveling on Seaway Drive and Norton Avenue.

i. Failing to pay attention and drive at a prudent and careful rate of speed considering the weight of the motor vehicle, trailer, and product loaded on the same;

j. Failing to maintain a proper lookout;

k. Failing to abide by the rules and regulations set forth by the State of Michigan and US Department of Transportation/Federal Motor

    Carrier Safety Administration, which regulate the operation of commercial vehicles;

  l. Failing to operate his motor vehicle within the requirements of state and federal law;

  m. Committing such other acts of negligence as will be determined through the course of the litigation of this matter.

14. As a direct and proximate result of the allegations set forth in this complaint, and with respect to the negligence of Defendant-Driver, Plaintiff Jaylen Wyrick sustained the following severe, progressive, and permanent injuries, which include, but are not limited to:

  a. Right sulcal skull fracture;

  b. Petechial hemorrhages in the right frontal lobe;

  c. Acute respiratory failure;

  d. Open traumatic head injury with coma;

  e. Skull fracture with pneumocephalus;

  f. An approximately 2 cm right scalp laceration;

  g. Nondisplaced buckle fracture of the distal radial metadiaphysis;

  h. A closed head injury resulting in serious neurological impairment;

  i. Medical expenses, past and future, in excess of $250,000, which are recoverable against these Defendants pursuant to MCL 500.3135(3)(c);

  j. Excess economic loss;

  k. Serious impairment of body function;

  l. Fright and shock, past and future;

    m.    Pain and suffering, past and future;

    n.    Mental anguish, past and future;

    o.    Embarrassment, mortification, and humiliation, past and future;

    p.    Any and all damages allowable under the laws of the State of Michigan;

    q.    Any and all other injuries and damages related to this motor vehicle collision that may be discovered during the course of the litigation of this matter.

15. None of the alleged negligent acts of omission or commission by Defendants were intentional within the meaning of MCL 500.3135(3)(a).

## COUNT II – OWNERSHIP LIABILITY

16. Plaintiff hereby incorporates, by way of reference, allegations 1 through 15, as if fully set forth herein.

17. At the time of the motor vehicle collision that is the subject of this complaint, Defendant-Owner was the titled and/or registered owner of the motor vehicle being operated by Defendant-Driver at the time of the motor vehicle collision complained of in this complaint.

18. At the time of the motor vehicle collision that is the subject of this complaint, Defendant-Driver had the express and/or implied permission of Defendant-Owner to operate the motor vehicle that was titled, registered and/or leased to Defendant-Owner and being operated by Defendant-Driver at the time of the collision.

19. Defendant-Owner, pursuant to the Ownership Liability Statute, is responsible for the negligent acts and/or omissions of Defendant-Driver and the damages as alleged herein, as Defendant-Driver was the permissive operator of Defendant-Owner's motor vehicle. MCL 257.401.

## COUNT III -- RESPONDEAT SUPERIOR

20. Plaintiff hereby incorporates, by way of reference, allegations 1 through 19, as if fully set forth herein.

21. At the time of the subject motor vehicle collision, Defendant-Driver was in the course and/or scope of his employment with Defendant-Owner.

22. If not in the course and/or scope of his employment with Defendant-Owner, Defendant-Driver was an agent of Defendant-Owner.

23. Defendant-Owner is vicariously liable for the negligent acts of Defendant-Driver, pursuant to the doctrine of *respondeat superior*.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff hereby incorporates, by way of reference, allegations 1 through 23, as if fully set forth herein.

25. In the collision described above, Jaylen Wyrick, who is Plaintiff Willie Wyrick, Jr.'s son, suffered catastrophic and gruesome injuries which eventually resulted permanent and serious impairment.

26. The collision itself, as well as the aftermath, as well as all of Jaylen Wyrick's hospitalization and recovery was personally witnessed by Plaintiff Willie Wyrick, Jr.

27. As a result of witnessing this catastrophic and tragic scene, Plaintiff, Willie Wyrick, Jr. suffered shock resulting in actual physical harm. This physical harm includes, without limitation, depression, weight changes, inability to perform normal activities, crying spells, sleeplessness, and other physical manifestations.

28. Plaintiff, Willie Wyrick, Jr., suffered the shock contemporaneously with the collision between Defendant Robert S. Bigelow, Jr.'s truck and Plaintiffs' vehicle.

29. In connection with her negligent operation of her automobile, as described above, Defendant Robert S. Bigelow, Jr. negligently inflicted emotion distress upon Plaintiff, Willie Wyrick, Jr.

THEREFORE, Plaintiffs respectfully request that this Honorable Court enter a judgment in their favor and against Defendants in an amount in excess of Seventy-five Thousand Dollars & No/100 ($75,000.00), to which they are found to be otherwise entitled, together with costs and interest.

NOLAN & SHAFER, PLC

/s/ Matthew G. Swartz
MATTHEW G. SWARTZ (P75257)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

Dated: April 26, 2022April 26, 2022

## DEMAND FOR TRIAL BY JURY

NOW COME the Plaintiffs, ASHLEY WYRICK as Next Friend of JAYLEN WYRICK, a minor, and WILLIE WYRICK, JR., by and through their attorneys, Nolan & Shafer, PLC, and hereby demand a trial by jury in the above-entitled cause.

NOLAN & SHAFER, PLC

/s/ Matthew G. Swartz
MATTHEW G. SWARTZ (P75257)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

Dated: April 26, 2022